TATE, Justice.
On the defendant Jackson’s application, we granted supervisory writs to review the trial court’s denial of his motion that a second lineup be conducted. 329 So.2d 759 (1975). (The victim had earlier identified the defendant as the offender at a first lineup.)
As a basis for his motion, the defendant avers that he has received information that a named individual (“N. C.”) was the actual perpetrator of the crime for which the defendant is charged. He suggests that, in *1364 the interests of- justice, the trial court should order a lineup at which the victim should have the opportunity for visual observation of both the defendant and N. C. in order for the victim to identify, if he can, either of the two from among the lineup as his suspected offender.
At the hearing on the motion, the defendant called a police officer as witness. Defense counsel attempted to question the police officer whether he had received information that N. C. instead of the defendant Jackson had committed the armed robbery charged. The prosecutor objected to the question on the ground that the response would be hearsay.
The trial court refused defense counsel’s request that he be permitted to continue to lay a foundation to prove that the state had received hard information that N. C. instead of Jackson had committed the offense. The court then took the matter under advisement and, at a later date, denied the motion upon its holding that an accused is never entitled to demand a lineup.
For the reasons more fully stated in State v. Boettcher, 338 So.2d 1356 (Docket No. 57,558), this day rendered, the trial court was in error in concluding that it did not possess any discretion whatsoever to grant a defendant’s request for a lineup. We there held that, while an accused has no legal or constitutional right to a lineup, upon proper showing that justice thereby will be served, the trial court may within its sound discretion grant the accused’s request for a lineup.
This showing may be met, in our opinion, by evidence that a law enforcement officer has received information not patently unreliable that a person other than the accused was the actual offender and should be viewed by the victim under non-suggestive conditions. The defendant Jackson was denied his opportunity to make this showing. (Of course, this showing also could be made by reliable evidence from non-police witnesses that the other had committed the offense charged.)
We find no merit to the state’s objection that the defendant’s question sought to educe inadmissible hearsay from the police officer. The evidence was sought, not to prove that N. C. had actually committed the crime, but only that the police witness had received reliable information to this effect—i. e., not to prove the truth of the information, but only the fact that the state through its police officer had received such information.
For purposes of a trial before the jury of the issue of Jackson’s guilt or innocence, such testimony would be irrelevant and may well be hearsay. Nevertheless, it is admissible and relevant for the limited issue before the non-jury hearing of the present pre-trial motion, just as similar types of testimony (although hearsay at the merit-trial) are admissible in the trial of probable-cause issues at non-jury hearings of pre-trial motions to suppress and at preliminary examinations.
Accordingly, the trial court erred in not permitting the defendant to prove a foundation, if any, for the proper exercise of judicial discretion to order a lineup to assure the soundness of the identification of the defendant, the sole shown basis of the charge against the defendant. We remand this case to the district court for further proceedings consistent with the views we here express.
REMANDED.
SANDERS, C. J., dissents and assigns written reasons.
SUMMERS, J., dissents and assigns reasons.
MARCUS, J., dissents.
DENNIS, J., concurs with reasons.